REQUESTED BY: Scott Moore, Nebraska Secretary of State Chairman, Nebraska Collection Agency Licensing Board
The Nebraska Collection Agency Act (the "Act") is found at Neb. Rev. Stat. §§ 45-601 through 45-623 (1993, Cum. Supp. 1996). Those statutes provide generally for the creation of the Collection Agency Licensing Board (the "Board"), the licensing of collection agencies, and the disposition of complaints against collection agencies in Nebraska. You serve as Chairman of the Collection Agency Licensing Board, and in that capacity, you requested our opinion as to certain matters regarding the jurisdiction of the Board. Specifically, you wish to know whether "a company which purchases checks after they are tendered to the company's Nebraska client . . . and returned unpaid, and then attempts to collect on the checks and collect the service charge on returned checks which is posted at the store [is] engaged in the collection business for purposes of the Nebraska Collection Agency Licensing Act?" We understand that the company at issue is purchasing the checks to collect in the company's own name.
Two statutes which you cited in your opinion request letter have pertinence to your inquiry. Under Neb. Rev. Stat. §45-602(2)(a) (1993), the term "collection agency" is defined to mean and include, for purposes of the Act:
 All persons, firms, corporations, and associations directly or indirectly engaged in soliciting, from more than one person, firm, corporation, or association, claims of any kind owed or due or asserted to be owed or due such solicited person, firm, corporation, or association, and all persons, firms, corporations, and associations directly or indirectly engaged in asserting, enforcing, or prosecuting such claims.
That statute would appear to include the conduct described in your letter in the definition of "collection agency" and thereby subject the company involved to the provisions of the Act. On the other hand, § 45-602(3) provides:
 Collection agency shall not mean or include . . . (k) a person, firm, corporation, or association which, for valuable consideration, purchases accounts, claims, or demands of another and then, in such purchaser's own name, proceeds to assert or collect such accounts, claims, or demands.
If the conduct you described regarding the collection of unpaid checks involves the purchase and collection of "accounts, claims or demands" of another under § 45-602(3), then the company involved is not engaged in the collection agency business and is not subject to the provisions of the Act. On balance, we do not believe that the company described in your letter is subject to the Act.
In Nebraska, in the absence of anything indicating the contrary, statutory language is to be given its plain and ordinary meaning. Application of City of Grand Island 247 Neb. 446,527 N.W.2d 864 (1995). Among other things, the word "claim" means a "right to payment, whether or not such right is reduced to judgment." BLACK'S LAW DICTIONARY 224 (5th ed. 1979). Similarly, a "demand" is a "debt or amount due." BLACK'S LAW DICTIONARY 386 (5th ed. 1979). It appears to us that both of those definitions are broad enough to include the checks which are being collected under the circumstances described in your letter. As a result, we believe that the company involved is collecting claims or demands of another under § 45-602(3) and is neither subject to the Act nor the jurisdiction of the Board.
Our conclusion in that regard is supported by the legislative history of the Act. The Act was originally enacted as LB 477 in 1963. 1963 Neb. Laws LB 477. One of the express purposes for the Act was to protect creditors from unscrupulous collection agencies which would collect past due accounts and then fail to remit those amounts to the creditor which had hired them.Committee Records on LB 477, Introducer's Statement of Purpose, 73rd Neb. Leg., 1-2 (February 28, 1963). That protection is not necessary in the situation described in your letter, since the company which is collecting the unpaid checks has purchased the checks and is attempting to collect them for itself in its own name. Consequently, there is no creditor involved in the situation you described to be protected under the licensing provisions of the Act.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General